### LEVY v. BRENNAN.

(Supreme Court, Appellate Term. January 21, 1910.)

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius Levy against James F. Brennan. From an order setting aside a verdict for plaintiff, he appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Milton T. Loebl, for appellant.

Frank V. Johnson (Harry S. Austin, of counsel), for respondent.

PER CURIAM. Order affirmed, with costs.

DAYTON, J. (dissenting). There is no pretense that this automobile was used in defendant's commercial business. Indeed, the evidence shows that it was used only at his home. His chauffeur was in the car when the accident occurred. Was he there as the guest of Miss Brennan? On the contrary, he was inferentially there in his master's service, and chose to allow Miss Brennan to drive the car. Though in court at the trial, this chauffeur was not called as a witness, nor did Miss Brennan testify. The court sustained an objection which prevented defendant from testifying to his instructions to his chauffeur concerning the custody and use of the automobile. The court also excluded testimony to show that the chauffeur was still in defendant's employ. The fact that the chauffeur allowed Miss Brennan to drive the car does not relieve the defendant from liability. On the record, the jury was justified in finding that this automobile was owned for the use and pleasure of defendant and his family, with a chauffeur in charge. He was an interested witness, and the jury may well have considered his failure to call his sister and his chauffeur to testify as strengthening plaintiff's case.

The rulings of the trial court were not favorable to plaintiff's contention on the question of liabilty. I think it was error to exclude evidence to show that defendant retained this chauffeur notwithstanding the accident. In my opinion the verdict was right. The order setting it aside should be reversed, with costs, and the verdict reinstated.